UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES VOOS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KARA ASALONE,<br><br>　　　　　　　Defendant. | Case No. 23-cv-466-MMA (KSC)<br><br>**ORDER: (1) SUA SPONTE REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

On March 17, 2023, Defendant Kara Asalone ("Defendant"), proceeding *pro se*, filed a Notice of Removal in this unlawful detainer action from the State of California, Superior Court for the County of San Diego, and simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). Doc. Nos. 1, 2. For the reasons set forth below, the Court *sua sponte* **REMANDS** this case to the San Diego County Superior Court for lack of subject matter jurisdiction.

### LEGAL STANDARD

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534,

541 (1986). The Court is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); see *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq.* A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983). Additionally, federal courts have jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9–10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; accord *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

# DISCUSSION[1]

Here, Defendant indicates in her removal papers that jurisdiction in this Court is based on federal question jurisdiction. *See* Doc. No. 1 at 1–5. Liberally construing the Notice of Removal, Plaintiff's state court complaint does not present a federal question of law that would provide this Court with jurisdiction over this matter under 28 U.S.C. § 1331. First, there is no federal question apparent in the state action described in the Notice of Removal, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendant's contention that federal question jurisdiction exists because Defendant's anticipated defenses and counterclaims may raise issues of federal law. Neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a

---

[1] It is unclear if Defendant attached the entirety of Plaintiff's Complaint to the Notice of Removal. *See* Doc. No. 1. It is similarly unclear if Defendant has been properly served a copy of the Complaint in its entirety as Defendant states that "[o]n 2/28/23, the Defendant was improperly served with a copy of the complaint in this action." *Id.* at 1. In any event, the failure to attach a complaint, as required by 28 U.S.C. § 1446(a) when a defendant has been served, is a non-jurisdictional procedural defect and cannot, alone, provide the basis for a district court to remand the matter *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192–93 (9th Cir. 2003) ("[W]e hold that the district court cannot remand *sua sponte* for defects in removal procedure."); *see also Gerber v. FCA US LLC*, No. 17-CV-0518-AJB-BGS, 2017 U.S. Dist. LEXIS 97641, at *14–15 (S.D. Cal. June 23, 2017) (collecting cases).

federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense.") (emphasis in original). Accordingly, to the extent Defendant's anticipated defenses and counterclaims may be based on alleged violations of federal law, those defenses and counterclaims cannot provide a basis for federal question jurisdiction.

Further, although not raised by Defendant, there is no diversity jurisdiction in this matter. The Notice of Removal does not demonstrate that the amount in controversy exceeds $75,000, and the face of the state court complaint cover sheet clearly demonstrates that Plaintiff seeks damages in an amount less than $10,000. *See* Doc. No. 1-2 at 1. Moreover, Defendant, a citizen of California, *see* Doc. No. 1-1 at 1, may not properly remove this action based on diversity jurisdiction. Under 28 U.S.C. § 1441(b), removal is permitted in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## CONCLUSION

Based on the foregoing, Defendant has not adequately established a basis for this Court's subject matter jurisdiction. Accordingly, the Court *sua sponte* **REMANDS** this action back to state court.[2] *See* 28 U.S.C. § 1447(c). The Clerk of Court is instructed to return the case to state court forthwith and close this action.

**IT IS SO ORDERED**.

Dated:  March 24, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Because the Court lacks subject matter jurisdiction, the Court **DENIES AS MOOT** Defendant's motion to proceed IFP. *See* Doc. No. 2.